MARY TROEGER v. E. T. TROEGER.

175 So. 794.
Opinion Filed July 19, 1937.

Lloyd Z. Morgan, for Appellant;

E. T. Troeger, in pro per., for Appellee.

BUFORD, J.—Appellee was complainant in the court below and procured final decree of divorce dated December 18, 1936.

To the bill of complaint the defendant filed answer with allegations by way of cross-complaint and prayed for affirmative relief.

Complainant answered defendant's cross-complaint. A Master was appointed to take testimony and report the same, together with his findings of law and fact, to the court. Testimony was taken and the Master made his report.

Amongst other things, the Master presented his findings as follows:

### "III.

"Your Special Master finds from the testimony that the equities of this cause are with the plaintiff, E. T. Troeger, and against the defendant, Mary Troeger, and said plaintiff is entitled to the relief prayed for in and by his bill of complaint as he has satisfactorily proven the allegations thereof. That said defendant, Mary Troeger, has been and is guilty of extreme cruelty towards the plaintiff.

### "IV.

With respect to the right of the defendant and cross-plaintiff, Mary Troeger, to temporary alimony, suit money, permanent alimony and division of property, your Special Master finds as follows:

"A.    That on the 17th day of June, A. D. 1935, a written stipulation was entered into between the parties to this cause filed in evidence as defendant's Exhibit No. 6 by the terms of which the plaintiff, E. T. Troeger, agreed to pay solicitor's fee, *pendente lite,* in the sum of Fifty and No/100 ($50.00) Dollars in stated installments, and further agreed to pay all suit money, costs and expenses that the defendant may be put to in defending said cause, said stipulation being intended to cover only temporary alimony *pendente lite*. Your Master finds that the plaintiff has paid the sum

of Fifty and No/100 ($50.00) Dollars for solicitor's fee *pendente lite* as evidenced by receipt filed in evidence in said cause. Your Master further finds that the plaintiff has paid the cost and expenses which the defendant was required to expend in the prosecution of her defense.

"As to permanent alimony, your Master finds as a matter of law, said defendant Mary Troeger is not entitled to any award regarding same, basing this finding upon decisions of Supreme Court governing such cases. Phiney v. Phiney, 82 Southern 357; Smith v. Smith, 130 Southern 357; Carlton v. Carlton, 83 Southern 87; Raborm v. Raborm, 87 Southern 50; Carlton v. Carlton, 100 Southern 745; Nolan v. Nolan, 163 Southern 401. These authorities lay down the general principle that permanent alimony cannot be awarded to the former wife in a suit brought by the husband where the divorce is granted for the fault of the wife unless special equities, such as where there are children and where the wife has by her personal exertion and industry contributed in funds to the acquisition and development of property of the husband intervened. In the present instance your Special Master finds no existence of these special equities, no children are involved, the parties have lived together but a short time relatively, and the property of the plaintiff appears to have been acquired before the marriage. There is no substantial evidence to show that the defendant contributed any funds or anywise assisted the plaintiff in acquiring and preserving the property aside from the usual work of the housewife. In the Nolan case the principle appears to be set forth that the wife must have contributed to the accumulation of the husband's property in order for her to be entitled to a decree for permanent alimony.

"While there is a stipulation entered into by the parties hereto regarding *pendente lite,* this in the opinion of your Master, based upon the holding of Smith v. Smith, 102

Southern 35, does not entitle the defendant to any award for permanent alimony.

"B. With regard to a division of the property between the husband and wife, your Master finds on the basis of the decision of Heeth v. Heeth, 138 Southern 796, that the defendant is not entitled to such division. The principle governing in such a situation as announced by that case unless special facts and circumstances exist which support a finding of equity in the husband's property arising in favor of the wife from contribution of funds and services made by her towards its accumulation over, above and beyond the performance of ordinary marital duties towards the husband, the Chancellor is not justified in decreeing a division of the property.

"I THEREFORE RECOMMEND:

"I. That a decree of divorce *a vinculo martimonii* be made and entered in this cause divorcing the said plaintiff, E. T. Troeger, and the said defendant, Mary Troeger, each from the other according to the laws of the State of Florida.

"II. That the defendant's prayers set forth in her cross-bill be denied."

The defendant, cross-complainant, filed exceptions to the Master's report. No useful purpose can be served by setting out *in haec verba* the exceptions presented in this regard.

On the 5th day of November the following order was entered:

"This cause came on to be heard on the exceptions of the defendant and cross-complainant to the Report of the Special Master in this cause, and was argued by counsel and considered by the Court. It is, thereupon,

"ORDERED, ADJUDGED AND DECREED that the said exceptions are overruled; the bill of complaint in this case is dismissed.

"Done and Ordered at Chambers, in Jacksonville, Duval County, Florida, this 5th day of November, A. D. 1936."

The wording of this order shows upon its face that it was the purpose of the Court to dismiss the cross-bill of complaint.

On December 18, 1936, final decree was entered, the pertinent part of which is as follows:

"Ordered, Adjudged and Decreed that the said report of the Special Master, filed herein on the 27th day of May, A. D. 1936, be, and the same is hereby ratified, approved and confirmed in all respects.

"It Is Further Ordered and Decreed that the order of this Court heretofore entered in this cause on the 5th day of November, A. D. 1936, be, and the same is hereby, corrected to read, 'the cross-bill of complaint in this case is dismissed, and the prayers set forth therein be, and the same are hereby denied,' instead of and in the place of, 'the bill of complaint in this case is dismissed.'

"It Is Further Ordered, Adjudged and Decreed that the bonds of matrimony now and heretofore existing between the plaintiff and cross-defendant, E. T. Troeger, and the defendant and cross-plaintiff, Mary Troeger, be and the same are hereby dissolved, and that the said E. T. Troeger and the said Mary Troeger be, and they are hereby divorced each from the other *a vinculo matrimonii.*

"It Is Further Ordered, Adjudged and Decreed that the defendant and cross-plaintiff, Mary Troeger, vacate and move from the home and premises of the plaintiff and cross-defendant, E. T. Troeger, instanter, said home and premises being located at 1433 Liberty Street, in the City of Jacksonville, Florida, and the said Mary Troeger is hereby ordered to deliver possession of said home and premises to the said E. T. Troeger."

. One of the contentions presented by the appellant is that the court was without power to enter the final decree of December 18th after having entered the order of November 5th hereinabove quoted. There is no merit in the contention. It clearly appears that the order of November 5th was not intended as a final decree and did not dispose of the cause, but was intended to dispose of the cross-complaint interposed by the defendant in the court below and leave the other matters involved to be determined at a later date. The language used by the Chancellor in the final decree shows that it was not his purpose in the order of November 5th to dismiss complainant's suit. So it is that the court had not lost jurisdiction of the cause and was fully authorized to correct the misprision appearing in the verbiage of the order of November 5th.

Another contention is that the bill of complaint does not allege sufficient facts to constitute the basis for a decree of divorce. We hold that this contention is without merit and the bill alleges sufficient facts to show that the defendant was guilty of such conduct towards her husband as to make his life miserable and to make the marriage relation unbearable. Not only does the bill allege the use by the defendant to and towards her husband language and conduct which could not have been condoned, but the allegations are specifically that on numerous occasions she resorted to personal violence and physical assaults which could not but destroy the possibility of the continuation of bearable marriage relations. There was ample evidence introduced to support the allegations of the bill.

The evidence was conflicting, but these conflicts were resolved adversely to the appellant and therefore the decree should be and is affirmed.

So ordered.

812

ELLIS, C. J., and TERRELL, BROWN and CHAPMAN, J. J., concur.